UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:24-cv-00354

**Jay Williams,**
*Plaintiff,*

v.

**John Doe,**
*Defendant.*

# ORDER

Plaintiff Jay Williams, a prisoner proceeding pro se, filed this civil action asserting claims under the Texas Business and Commerce Code, among others. Doc. 1. The case was referred to United States Magistrate Judge John D. Love.

Plaintiff has filed almost 50 frivolous lawsuits in the Eastern District of Texas. Further, he is subject to sanctions that require any new lawsuits he files to be signed by an attorney licensed to practice in the Eastern District of Texas with the full filing fee paid at the outset of the case. *Williams v. United States Court*, No. 6:23-cv-00355, Doc. 7 at 2–3 (E.D. Tex. Sept. 12, 2023). He filed the present case in the Western District of Louisiana in an apparent attempt to evade these sanctions.

The magistrate judge issued a report recommending that the lawsuit be dismissed with prejudice as barred by sanctions and for failure to state a claim upon which relief may be granted. Doc. 12. A copy of this report was sent to petitioner at his last known address but was returned as undeliverable. Doc. 13. To date, petitioner has not advised the court of his present mailing address or current whereabouts.

The Local Rules state that a pro se litigant "must provide the court with a physical address . . . and is responsible for keeping the clerk advised in writing of his or her current physical address." E.D. Tex. Local Rule CV-11(d); *see also Anderson v. Munger*, No. 5:17-cv-00175, 2019 WL 2929056, at *1 (E.D. Tex. July 8, 2019)

("The Court has no duty to locate litigants . . . ."). Plaintiff has not filed objections to the report.

When there have been no timely objections to a magistrate judge's report and recommendation, the court reviews it only for clear error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1420 (5th Cir. 1996). Having reviewed the magistrate judge's report, and being satisfied that it contains no clear error, the court accepts its findings and recommendation. Plaintiff's lawsuit is dismissed with prejudice as barred by sanctions and for failure to state a claim. Any pending motions are denied as moot.

Plaintiff Jay Williams is warned that further attempts to evade the court's sanctions could result in the imposition of additional sanctions, monetary or otherwise, under Federal Rule of Civil Procedure 11 and the inherent powers of the court. *See Jackson v. Carpenter*, 921 F.2d 68, 69 (5th Cir. 1991).

*So ordered by the court on March 6, 2025.*

J. CAMPBELL BARKER
United States District Judge